**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW R. PERRONG<br>1657 THE FAIRWAY #131<br>JENKINTOWN, PA 19046<br><br>       Plaintiff<br><br>v.<br><br>MATTHEW BRADFORD<br>1406 REINER RD.<br>NORRISTOWN, PA 19403<br><br>       Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

**Preliminary Statement**

1. Plaintiff Andrew R. Perrong ("Plaintiff"), brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance calling practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

2. Plaintiff alleges that Matthew Bradford, a member of the Pennsylvania House of Representatives, commissioned a series of automated, illegal, prerecorded telemarketing "robocalls," *inter alia,* to sell health insurance via the Pennie/ObamaCare health marketplace. These calls were sent to a telephone number listed on the National Do Not Call Registry and to a number for which the called party is charged for the calls, like Mr. Perrong's number, which is prohibited by the TCPA. The calls were made either directly by Bradford, or his agents, and he personally voiced the pre-recorded calls at issue.

3. The Plaintiff never consented to receive such calls, which were placed to him for telemarketing purposes.

**Parties**

4. Plaintiff Andrew R. Perrong is a Pennsylvania resident, and a resident of this District.

5. Defendant Matthew Bradford is a Democrat member of the Pennsylvania House of Representatives. He resides in this District at 1406 Reiner Rd., Norristown, PA 19403.

**Jurisdiction & Venue**

6. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls and text messages to the Plaintiff were placed into this District.

**The Telephone Consumer Protection Act**

8. In 1991, Congress enacted the TCPA to regulate the explosive growth of the automated calling industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits all Automated Calls To Protected Numbers

9. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

10. Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), or because the numbers are assigned to services, like Mr. Perrong's VoIP service, for which the called party is charged, thus shifting the cost of automated or prerecorded messages onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such messages are prohibited because, as Congress found, automated or prerecorded messages are a greater nuisance and invasion of privacy than live ones, are costly, and are inconvenient.

12. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

13. This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or any service, including residential, VoIP, and landline services, for which the called party is charged for the call. *See Perrong v. Victory Phones LLC*, No. CV 20-5317, 2021 WL 3007258, at *6 (E.D. Pa. July 15, 2021).

14. "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes political calls. *See* FCC Enforcement Advisory: *Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse*, 31 FCC Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

15.     Importantly, this Court has already held that non-consensual, non-emergency calls placed using an ATDS or a prerecorded voice violate 47 U.S.C. § 227(b)(1)(A), regardless of the purpose of the call. *Victory Phones*, 2021 WL 3007258, at *6 (rejecting claim that non-commercial survey calls were exempt and holding that "[T]he operative language of the TCPA is unambiguous. Section 227(b)(1)(A) prohibits placing artificial and prerecorded voice calls to a variety of telephone numbers."). To hold otherwise would read the words "any person" and "any call" out of the statute. *See id.*

The National Do Not Call Registry

16.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

17.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

18.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers whose numbers are on the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

Defendant's Operations

19.     Defendant Matthew Bradford is a Democrat member of the Pennsylvania House of Representatives.

20.     Defendant uses telemarketing to solicit customers for the Pennie ObamaCare health insurance marketplace, as he did with the Plaintiff.

4

21. Defendant is not registered as a telemarketer with the Attorney General of Pennsylvania.

22. One of the strategies used by Defendant involves the use of automated calls.

23. Defendant sends out these call blasts *en masse* to telephone numbers throughout the area, hoping he reach someone interested in signing up for ObamaCare.

The Calls to Mr. Perrong

24. Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

25. Plaintiff's residential telephone number (the "Number"), 215-338-XXXX, is on the National Do Not Call Registry and has been continuously since November 22, 2017.

26. The Plaintiff has also listed the Number on the Pennsylvania Do Not Call Registry, and it had been on such registry for over a year prior to the calls at issue.

27. Despite these registrations, the Defendant sent at least five calls placed using an ATDS to Plaintiff on September 20, 2019, October 10, 2019, January 31, 2020, April 17, 200, and December 30, 2020, from the Caller ID 717-780-6000.

28. The Number is used as a residential line and for residential purposes.

29. The Number is not associated with a business.

30. That Number, which is assigned to a VoIP telephone service, is charged for each call it receives.

31. The VoIP telephone service for the Number is Voip.ms.

32. The service charges a ring charge of $0.08 for the provision of Caller ID Name lookup information for each call placed to the Number, even if the call is not answered.

33. The service also charges a per-minute charge of $0.009 per minute for voice charges for each minute of talk time, including voicemail time, for each call placed to the Number.

34. The Number is therefore "assigned to a . . . service for which the called party is charged for the call" and any calls placed to that number are subject to the restrictions enumerated in 47 U.S.C. § 227(b)(1)(A)(iii).

35. Plaintiff did not answer the September 20, 2019, January 31, 2020, or April 27, 2020 calls, and the calls went to voicemail, but the automated system did not leave a message.

36. Despite never having consented, Plaintiff answered a call on October 10, 2019. When plaintiff answered, he heard "dead air" and the call was disconnected from the remote end after four seconds.

37. On December 30, 2020, the Plaintiff answered the call. As soon as Plaintiff answered, a pre-recorded message, voiced by the Defendant, played.

38. The message stated:
```
"I want to help you connect to the health care coverage plan
that best fits you and your family. Hello, this is State
Representative [inaudible]adford. Join me on Tuesday, January 5,
for a virtual information session on Pennie, the new way to
connect Pennsylvanians to health care coverage. This event will
focus on often underserved and overlooked communities, so please
spread the word. Featuring representatives from Pennie and the
NAACP of Greater Norristown, the virtual event will start at
6:30 PM Tuesday, January 5. You can reserve your spot and find
out more by visiting my website at repbradford.com. You can also
call my office for more information by dialing 610-222-3490
That's 610-222-3490. This is State Representative Matt Bradford.
Let's get connected on January 5."
```

Defendant's Use of an ATDS

39. The calls were conducted using an Automatic Telephone Dialing System (ATDS). As the Supreme Court recently clarified, the key feature of an ATDS is the capacity to store

6

numbers to be called using a random or sequential number generator or to produce numbers to be called using a random or sequential number generator. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021).

40. The Third Circuit recently clarified that "Congress envisioned a broad understanding of 'equipment'" that constitutes an ATDS. It also clarified that the analysis of whether an ATDS was *used* in violation of the TCPA centers around "whether the defendant employ[s] [ATDS] capacities to make automated calls," *Panzarella v. Navient Sols., Inc.*, 37 F.4th 867, 873, 878 (3d Cir. 2022). In so doing, it held that Congress intended to "ban all autodialed calls" because Congress "found autodialer technology to be uniquely harmful." *Id.* at 879 (cleaned up).

41. In enacting the ATDS prohibition, the Third Circuit cited favorably to Congressional understanding "that telemarketers could transform ordinary computers into autodialers through minor and inexpensive modifications," including by "relying on computerized databases containing telephone numbers during their dialing campaigns." *Id.* at 880 (cleaned up). The Third Circuit held that, in passing the TCPA's ATDS prohibition, Congress intended to remedy the problems caused by callers using computer software to dial numbers randomly or sequentially from a list or database. *See id.*

42. Under *Panzarella*, a system that uses a random or sequential number generator to produce each telephone number to be called from a list of telephone numbers, and then dials those numbers, is by definition an ATDS. This is so even if the telephone numbers in the list themselves were not randomly or sequentially generated. *See id.* at 879-880.

43. The system(s) Defendant used to place the calls to Plaintiff are an ATDS because it would be illogical to use some non-automatic trigger to dial the number from a list, only to

play a non-interested plaintiff a pre-recorded message. Moreover, it would be illogical to call the plaintiff, who already had health insurance, unless the caller was dialing randomly or sequentially, as opposed to some other select criteria.

44. Furthermore, playing prerecorded messages to sequential or random telephone numbers are hallmark indicia of ATDS systems. It supports the inference that Defendant used an ATDS, such as one which "use[s] a random [or sequential] number generator to determine the order in which to pick phone numbers from a preproduced list." *Facebook*, 141 S. Ct. at 1171 n.7.

45. As this Court has remarked, other courts have held, post-*Facebook*, that allegations similar to those as here of the absence of a relationship between the parties, pre-recorded messages, and the random or automated nature of the automation device, are all indicia of use of a random or sequential dialing device that gives rise to the inference at the pleadings stage that an ATDS was used to make the calls. *See Camunas v. Nat'l Republican Senatorial Comm.*, No. 21-1005, 2021 U.S. Dist. LEXIS 100125 at *11 (E.D. Pa. May 26, 2021). Post-*Facebook*, ATDS issues are summary judgment ones.

46. No facts exist here to support the conclusion that Defendant was calling a curated list of past individuals who he had previously interacted with. Plaintiff is not one of Mr. Bradford's constituents. He has no need for health insurance coverage. He never contacted Mr. Bradford for any reason, let alone to secure ObamaCare. By contrast to an entity that calls phone numbers *en masse* to the public, an entity that uses a select list of persons based on specific triggering criteria does not place calls using an ATDS because such calling uses a database targeting existing persons' information rather than computer-generated tables or lists of individuals to be called. *See Panzarella*, 37 F.4th at 881–882.

47. *Panzarella* stands for the proposition that, when using a list of numbers to contact people, the computer must *use* something other than a random or sequential number generator to select the numbers to be called. Other triggers, such as birthdays or account delinquency, are neither random nor sequential, and thus *using* a dialer to place calls with such criteria is not using an ATDS. *See id.* at 879-881.

48. *Facebook* did not use an ATDS because it did not use random or sequential means to select numbers to send text messages to. Rather, it used *a specific user action*, compromised account security, to send the messages. *Facebook*, 141 S. Ct. at 1168. In other words, an account data breach, not random or sequential selection, was used to send the text message. Similarly, the Ninth Circuit recently held in *Brickman v. United States* that Facebook did not use an ATDS when it sent birthday text messages because the *birthdays*, not random or sequential number generators, were used to draw numbers to be called. 56 F.4th 688 (9th Cir. 2022).

49. Likewise, the defendant in *Panzarella* did not *use* an ATDS because it used the select criteria of delinquent borrowers to dial numbers. Put another way, delinquency, not random or sequential means, was used to select numbers from a list of numbers associated with student loan accounts and then dial them. *Panzarella*, 37 F.4th at 882.

50. Plaintiff is ignorant of the exact process by which Defendant used its telephone system. However, no facts exist to show that Defendant called the Plaintiff in a targeted manner. Moreover, "The newly clarified definition of an ATDS is more relevant to a summary judgment motion than at the pleading stage." *Gross v. GG Homes, Inc.*, No. 3:21-cv-00271-DMS-BGS, 2021 WL 2863623, at *7 (S.D. Cal. July 8, 2021); *accord Miles v. Medicredit, Inc.*, No. 4:20-cv-01186-JAR, 2021 WL 2949565 (E.D. Mo. July 14, 2021).

51.     Plaintiff has sufficiently pled at the pleading stage more than adequate facts to support a showing that the system Defendant used to contact the Plaintiff meets the definition of an ATDS and that Defendant used random or sequential methods to select numbers to be called.

52.     The most obvious such non-random and non-sequential criteria, persons who had explicitly expressed interest in obtaining government assistance for applying for ObamaCare, is obviously lacking here since the Plaintiff is not such a person. Moreover, if Defendant does proffer a potential criterion other than random or sequential selection used to make the calls, Plaintiff is nevertheless entitled to discovery on that issue to determine whether or not such a criteria was used in the Plaintiff's case and whether or not it was truly neither random nor sequential. This is a summary judgment issue, not a motion to dismiss one.

Defendant's Conduct Violates the TCPA

50.     The communications received by Plaintiff demonstrate that they were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they sought to have him sign up for health insurance through Pennie, the state ObamaCare health insurance marketplace. The calls therefore qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

51.     The Plaintiff never provided his consent or requested the calls.

52.     Defendant ignored multiple requests not to be called and indications that the Plaintiff was not interested.

53.     In fact, Plaintiff reached out to Defendant in an effort to ascertain the legal basis for the calls, obtain an explanation why he was called, and request a copy of Defendant's do not call list and policy. Plaintiff received confirmation of neither.

54.     Defendant called multiple times, despite Plaintiff's number being on the National Do Not Call Registry.

55. Based on this fact, it is evident that Defendant does not maintain Do Not Call policies and procedures as required by law.

56. Defendant also does not maintain an internal Do Not Call list, since Plaintiff clearly did not want to be called but Defendant called anyway.

57. The calls were not necessitated by any emergency.

58. Plaintiff was harmed by the calls. He was temporarily deprived of legitimate use of his telephone and his privacy was improperly invaded. The Plaintiff was charged for the calls. Moreover, they injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

**Legal Claims**
**Count One:**
**Violation of the TCPA's Prohibition Against Automated Calling**
**Via Pre-Recorded Message**

59. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

60. The foregoing acts and omissions of Defendant and/or his affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending calls, except for emergency purposes, to the telephone number of Plaintiff using a prerecorded voice.

61. As a result of Defendant's and/or his affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff is entitled to an award of $500 in damages for each and every call made to his telephone number for which he is charged for the call using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

62. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or his affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls or sending messages, except for emergency purposes, to any number using an artificial or prerecorded voice in the future.

63. The Defendant's violations were willful and/or knowing.

## Count Two:
## Violation of the TCPA's Prohibition Against Automated Calling With an Automatic Telephone Dialing System (ATDS)

64. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

65. The foregoing acts and omissions of Defendant and/or his affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the telephone number of Plaintiff using an ATDS.

66. As a result of Defendant's and/or his affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff is entitled to an award of $500 in damages for each and every call made to his telephone number for which he is charged for the call using an ATDS in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

67. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or his affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any number using an artificial or prerecorded voice in the future.

68. The Defendant's violations were wilful and/or knowing.

## Count Three:
## Violation of the Pennsylvania Telemarketer Registration Act
## 73 Pa. Cons. Stat. § 2241

69. By placing at least five telemarketing calls to the Plaintiff without registering as a telemarketer under Pennsylvania law, Defendant violated 73 Pa. Cons. Stat. § 2243.

70. This constitutes five violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. 73 Pa. Cons. Stat. § 2246(a).

71. The foregoing acts and omissions of Defendant and/or his affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the Pennsylvania Telemarketer Registration Act (PTRA), 73 Pa. Cons. Stat. § 2241, including by making calls to Plaintiff's number, on the Pennsylvania Do-Not-Call registry, without registration.

72. As a result of Defendant's and/or his affiliates, agents, and/or other persons or entities acting on his behalf's violations of the PTRA, 73 Pa. Cons. Stat. § 2241, Plaintiff is entitled to an award of $300 in damages for each and every call made to his telephone number in violation of the statute, pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201. *See* 73 Pa. Cons. Stat. § 2246(a).

73. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or his affiliates, agents, and/or other persons or entities acting on their behalf from violating the PTRA in the future.

## Count Four:
## Violation of the TCPA's Implementing Regulations
## Codified at 47 C.F.R. § 64.1200

74. By placing at least five telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, failing to have a written Do-Not-Call policy, and failing to maintain the

13

Plaintiff on their Do-Not-Call list, Defendant, violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

75. This amounts to fifteen violations since Defendant committed three violations per call. The first violation is calling a number on the national Do-Not-Call registry. 47 C.F.R. § 64.1200(c)(2). The second violation is by calling Plaintiff without having a Do-Not-Call policy in place. 47 C.F.R. § 64.1200(d)(1). The third violation is by calling Plaintiff without maintaining the Plaintiff on their internal Do-Not-Call list. 47 C.F.R. § 64.1200(d)(6).

76. The foregoing acts and omissions of Defendant and/or his affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute at least fifteen violations of the TCPA, 47 U.S.C. § 227(c), codified at 47 C.F.R. § 64.1200, by, *inter alia*, refusing to scrub against the National Do-Not-Call registry, refusing to maintain Mr. Perrong's number on an internal Do-Not-Call list, and failing to have a Do-Not-Call policy.

77. As a result of Defendant's and/or his affiliates, agents, and/or other persons or entities acting on his behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

78. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or his affiliates, agents, and/or other persons or entities acting on his behalf from violating the TCPA, 47 U.S.C. § 227(c), by making calls in violation of any of the TCPA's implementing regulations in the future.

79.  The Defendant's violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B).

**Relief Sought**

WHEREFORE, Plaintiff requests the following relief:

A.  Injunctive relief prohibiting Defendant from calling telephone numbers using an artificial or prerecorded voice and/or ATDS.

B.  Because of Defendant's violations of the TCPA, Plaintiff seeks for himself $500 in damages for each violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3) or 47 U.S.C. § 227(c)(5).

C.  Because of Defendant's violations of the PTRA, Plaintiff Perrong seeks for himself $300 in damages for each violation, pursuant to 73 Pa. Cons. Stat. § 201-9.2(a).

D.  Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: **February 8, 2023**

_____/s/_____
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANDREW R. PERRONG
1657 THE FAIRWAY #131, JENKINTOWN, PA 19046

**DEFENDANTS**
MATTHEW BRADFORD
1406 REINER RD. NORRISTOWN, PA 19403

**(b)** County of Residence of First Listed Plaintiff: **MONTGOMERY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **MONTGOMERY**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ANDREW R. PERRONG (PRO SE); 1657 THE FAIRWAY #131, JENKINTOWN, PA 19046; 215-791-6957

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [X] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TELEPHONE CONSUMER PROTECTION ACT, 47 USC 227; 47 CFR 64.1200

Brief description of cause:
DEFENDANT CALLED PLAINTIFF IN VIOLATION OF THE TCPA

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 39,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 02/08/2023
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____


JS 44 Reverse (Rev. 04/21)     Case 2:23-cv-00510-JDW   Document 1   Filed 02/08/23   Page 17 of 18

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1657 THE FAIRWAY #131, JENKINTOWN, PA 19046__

Address of Defendant: __1406 REINER RD. NORRISTOWN, PA 19403__

Place of Accident, Incident or Transaction: __BY TELEPHONE CALL TO MY PRIVATE TELEPHONE__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __02/08/2023__   _____[signature]_____   __PRO SE__
                        *Attorney-at-Law* / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
   *(Please specify):* __TCPA__

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __ANDREW R. PERRONG__, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __02/08/2023__   _____[signature]_____   __PRO SE__
                        *Attorney-at-Law* / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)