IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG,<br><br>*Plaintiff,*<br><br>v.<br><br>MATTHEW BRADFORD,<br><br>*Defendant.* | Case No. 2:23-cv-00510-JDW |

### ORDER

**AND NOW**, this 28th day of April, 2023, upon review of Defendant Matthew Bradford's Motion to Dismiss (ECF No. 8), I note as follows.

**Sovereign Immunity**

1. Federal Rule of Civil Procedure 12(b)(1) permits a defendant to challenge the Court's subject matter jurisdiction. A claim of sovereign immunity calls into question the Court's subject matter jurisdiction. *See Gary v. Pa. Human Rel. Comm'n*, 497 F. App'x 223, 226 (3d Cir. 2012). "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (internal quotation marks omitted). A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Id.* (quoting *CNA v. United*

*States*, 535 F.3d 132, 139 (3d Cir. 2008)) (alterations in original). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted). As the party invoking this Court's jurisdiction, plaintiffs bear the burden of proving that the requisite jurisdictional requirements are met. *See Development Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995). If jurisdiction would be improper, a court must dismiss the case. *See Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).

2. A plaintiff can sue a state employee in his official or individual capacity. In an individual capacity claim, the plaintiff nominally seeks relief against the official but really seeks relief "against the official's office and thus the sovereign itself." *Lewis v. Clarke*, 581 U.S. 155, 162 (2017). On the other hand, individual capacity suits "seek to impose *individual* liability upon a government officer for actions taken under color of state law." *Id.* Officers sued in their personal capacity come to court as individuals. *See id.*

3. Andrew Perrong does not say in his Complaint whether he is suing Rep. Bradford in his individual or official capacity. Any claim against Rep. Bradford in his official capacity would really be a claim against his office and therefore against the Commonwealth of Pennsylvania. The Commonwealth has not consented to suits under the Telephone Consumer Protection Act or the Pennsylvania Telemarketer Registration Act, and nothing in the TCPA suggests that Congress intended to abrogate Pennsylvania's

sovereign immunity. Therefore, Mr. Perrong cannot maintain an official capacity claim against Rep. Bradford. Mr. Perrong does not argue otherwise.

4. Sovereign immunity does not bar a claim against Rep. Bradford in his individual capacity, however. Rep. Bradford's motion does not address the possibility of claims against him in his individual capacity (at least in its immunity arguments), so I have no basis to address it at this stage of the case. I note, however, that Mr. Perrong seeks damages from Rep. Bradford, which is a personal remedy, not a remedy against the Commonwealth. He also seeks an injunction, and it is unclear whether he seeks that only against Rep. Bradford or against his legislative office. If the latter, then the Commonwealth would be the real party in interest. But because at least the damages claim seeks relief from Rep. Bradford personally, there is an individual capacity claim that can proceed.

5. Mr. Perrong makes arguments about Rep. Bradford's immunity (or lack thereof) under the Speech and Debate Clause. But Rep. Bradford didn't invoke the Speech and Debate Clause in his Motion, so I don't need to reach the issue.

**Motion To Dismiss**

6. A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (same). In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id.* at 786-87 (same). First, the court must identify the elements needed to set forth a particular claim. *Id.* at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id.* Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* (quotation omitted). The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790 (citation omitted).

7.  Mr. Perrong has pled facts to establish a violation of the TCPA. Rep. Bradford's arguments to the contrary describe some of Mr. Perrong's allegations as "conclusory," but other than a string cite of paragraphs, it offers no analysis to support that argument. That cursory treatment is not enough. In any event, I have reviewed the paragraphs, and they are not cursory. Paragraph 27, to take one example, alleges that Rep. Bradford "sent at least five calls placed using an ATDS to [Mr. Perrong] …. From the Caller ID 717-780-6000." (ECF No. 1, ¶ 27.) That's enough factual detail to tell Rep. Bradford the basis of the claims against him.

8.  Rep. Bradford's argument that he is not a "person" under the TCPA fails at this stage. The FCC Order on which Rep. Bradford bases his argument concludes that "calls

made by state government callers in the conduct of official business" are not calls made by "persons." *Broadnet Teleservices LLC*, 35 FCC Rcd. 15052, ¶ 26 (2020). It excludes from this exemption "other types of calls made by state officials, such as those related to campaigns for re-election." *Id.* From the Complaint, I do not know enough to determine into which category Rep. Bradford's calls fall. For example, I do not know how the calls or information session were financed, whether the calls were made from his office number, or whether legislature requested information sessions on Pennie for constituents.

9. Rep. Bradford is correct that the TRA does not apply in this case. The statute requires a telemarketer or telemarketing business to register with the Pennsylvania Office of Attorney General at least 30 days before offering for sale consumer goods or services. A telemarketer is a "person or business, which, in connection with telemarketing, initiates or receives telephone calls to or from a consumer …." 83 P.S. § 2242. A telemarketing business is a business that engages in telephone solicitations and "employs at least one telemarketer." *Id.* Telemarketing is a "plan, program or campaign which is conducted to induce the purchase of goods or services …." *Id.*

10. Rep. Bradford was not a telemarketer because he was not trying to "induce" the purchase of goods or services. The General Assembly adopted the TRA, including the definition of "telemarketing," in 1996. At the time, "induce" meant to "bring on or about, to affect, cause to influence to an act or course of conduct." Black's Law Dictionary 534 (ab. 6th ed. 1991); *see also* Webster's New World Dictionary 689 (3d Coll. ed. 1988) ('to

lead on to some action, condition, belief, etc."). Rep. Bradford's call was to tell people about a forum that would tell them about an exchange where they could shop for health insurance. It was not trying to get them to purchase any product on that exchange. There's a difference between telling people about how to search for something and telling them what to choose. Because Rep. Bradford was not engaged in telemarketing, and because he was not offering for sale consumer goods or services, he had no obligation to register under the TRA, and his calls to Mr. Perrong did not violate that statute.

Therefore, it is **ORDERED** that Defendant Matthew Bradford's Motion to Dismiss (ECF No. 8) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Count III of the Complaint is **DISMISSED WITH PREJUDICE**; and

2. The Motion is otherwise **DENIED.**

                                            **BY THE COURT:**

                                            */s/ Joshua D. Wolson*
                                            JOSHUA D. WOLSON, J.