IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG<br>1657 THE FAIRWAY #131<br>JENKINTOWN, PA 19046<br><br>   Plaintiff<br><br>v.<br><br>MATTHEW BRADFORD<br>1406 REINER RD.<br>NORRISTOWN, PA 19403<br><br>   Defendant. | Case No. 2:23-cv-00510-JDW<br><br>JURY TRIAL DEMANDED |

**<u>JOINT RULE 26(f) REPORT</u>**

Following a fulsome discussion, as contemplated by Fed. R. Civ. P. 26(f), the Parties aver as follows:

  **I. Counsel**

    A. Lead Counsel for Plaintiff: Andrew R. Perrong (Pro Se)

    B. Lead Counsel for Defendant: Matthew S. Salkowski

    C. All Counsel who participated in Rule 26(f) conference on behalf of Plaintiff: Andrew R. Perrong

    D. All counsel who participated in Rule 26(f) conference on behalf of Defendant: Lead Counsel for Defendant, Matthew S. Salkowski

  **II. Discussion of Claims and Defenses**

*Plaintiff's Position:*

  The Plaintiff himself received at least five prerecorded messages from the Defendant, to

1

solicit him to attend an event promoting Obamacare. These calls violated the TCPA's prohibition against calling numbers using an automated telephone dialing system and using an artificial or pre-recorded voice. 47 U.S.C. § 227(b)(1)(A)(iii). Additionally, Plaintiff alleges that the Defendant violated 47 U.S.C. § 227(c)(5) by violating three of the TCPA's implementing regulations, specifically calling a number on the Do-Not-Call registry, failing to maintain internal Do-Not-Call list, and failing to provide or maintain an internal Do-Not-Call policy. The Plaintiff has a recording of only two of the calls, and the transcript for those calls are in Plaintiff's complaint. Plaintiff also has calling records reflecting the other calls, but no recordings of the calls because they were unanswered, but came from the same caller ID and general time period. Plaintiff will be seeking information regarding these calls in discovery.

*Defendant's Position:*

Defendant's defense claims are laid out before this Court in his Motion to Dismiss and his Answer. Per Judge Wolson's instructions, Defendant will not reiterate those legal claims but will summarize the threshold legal questions and relevant facts:

### A. Defendant's threshold legal questions

- Whether Defendant violated the TCPA?

- Whether Defendant is a "person" subject to the provisions of the TCPA?

- Whether Defendant is entitled to Eleventh Amendment Immunity under the U.S. Constitution?

- Whether Defendant is entitled to qualified immunity under the U.S. Constitution?

### B. Defendant's summary of relevant primary facts

- Defendant is a duly elected Member of the Pennsylvania House of Representatives and has been a duly elected Member of the Pennsylvania House of Representatives at all times relevant to this lawsuit.

- Pre-recorded phone calls are regularly requested to be placed by Members of the House Democratic Caucus to the Democratic Legislative Communications Office of the Pennsylvania House of Representatives.

- The phone calls at issue were requested to be placed by the Democratic Legislative Communications Office of the Pennsylvania House of Representatives by utilizing third party vendors contracted with the Democratic Caucus of the Pennsylvania House of Representatives, the Pennsylvania House of Representatives, and/or the General Assembly of the Commonwealth of Pennsylvania.

- Defendant has not individually or personally contracted with any service or service provider to place any of the calls at issue or to obtain any phone numbers to which those calls were placed.

- Defendant did not place any of the calls in question, in his personal capacity, to Plaintiff.

- Defendant, through his counsel, is actively engaged in the discovery process and will continue to communicate with Plaintiff regarding any additional facts as they are discovered or as they become available.

**III.     Anticipated Scope of Discovery**

A.    *Plaintiff's Position:* To prove his claims, Plaintiff will need to seek discovery on the system(s) used by the Defendant to send the calls and how it fits the statutory definition of an ATDS. The ATDS issue will likely require expert analysis, as well. The Plaintiff also is seeking call recordings and information regarding the unanswered calls. Moreover, the Plaintiff seeks information as to the Defendant's relationship with potential telephone vendors, policies and procedures (or lack thereof) for compliance with Do Not Call regulations, and information as to what Defendant did or did not do with respect to scrubbing the Plaintiff's number against the National Do Not Call Registry. Relatedly, the Plaintiff seeks information potentially applicable to immunity defenses, such as the payor for the call and who directed them. Finally, the Plaintiff will need to seek information regarding any additional messages sent to Plaintiff as well as any agency issues through which Defendant directed a third party to send messages.

*Defendant's Position:*  Defendant is preparing a request for discovery on the following

3

issues, which is subject to change and/or amendment before the and during the course of discovery:

1. Records or information of the phone and/or VoIP numbers/accounts registered to Plaintiff, including numbers, registration dates, and termination dates within the past 5 years.

2. Records or information of the phone and/or VoIP numbers/accounts administered or monitored by Plaintiff, whether or not registered under the name "Andrew Perrong," "Andy Perrong, " "Andy," "Andrew," or "Perrong" within the last 5 years.

3. Records or information of the phone calls received by number 215-338-XXXX on any phone number and/or VoIP account on the dates alleged by Plaintiff in his Complaint, pending receipt of further information from Plaintiff.

4. Records or information of the phone calls received by any phone number and/or VoIP registered or monitored by Plaintiff on the dates alleged by Plaintiff in his Complaint

5. Information of the lawsuits brought by Plaintiff alleging violations of the TCPA and/or the Pennsylvania TRA within the past 5 years.

6. Records and/or information of the number and dollar amount(s) of settlements and/or verdicts won and/or settled by Plaintiff in lawsuits alleging violations of the TCPA or the Pennsylvania TRA within the past 5 years.

7. Proof of residency of Plaintiff between January 1, 2019 and January 1, 2021.

8. Any and all communications made from Plaintiff to Respondent requesting that Respondent not contact him, made from January 1, 2019- January 1, 2021.

Defendant reserves the right to supplement and/or amend this anticipated scope of discovery, specifically with respect to the technical questions involved with Plaintiff's use of the VoIP and other call technology.

      B.    Anticipated number of interrogatories per Party

*Plaintiff*: 25

*Defendant*: 25 or less.

      C.    Anticipated number of depositions per Party:

*Plaintiff*: No more than 10.

*Defendant*: No more than 10.

D. Plaintiff: Does not propose to exceed the presumptive limits in the Federal Rules of Civil Procedure for discovery.  Defendant does not expect to exceed the presumptive limits of the Federal Rules of Civil Procedure for discovery.  Defendant reserves the right to exceed the presumptive limits with leave of the Court.

E. Plaintiff will seek third-party discovery from any telephone companies, vendors, payors, or other third-parties who may be vicariously liable for the calls. Such discovery will largely mirror the discovery propounded on the Defendant seeking information relating to the calls at issue in this case.
Defendant does not anticipate the need for any third-party production on his own behalf, although Defendant has not served discovery Plaintiff at this time.  Defendant reserves the right to request third-party discovery from Plaintiff as more information becomes available or is discovered.

F. The Plaintiff will likely need an expert on the ATDS issue.  Defendant does not anticipate the need to produce any experts on its own behalf.  Defendant reserves the right to produce or seek experts as more information becomes available, particularly on the use by Plaintiff of VoIP.

G. The Plaintiff expects to request his taxable costs pursuant to 28 U.S.C. § 1920 and § 2412 should he prevail.  Defendant responds that as the question is asked of Plaintiff, there is no response required of Defendant at this time.  Defendant reserves the right to amend and/or supplement this response at a later date, and has asked for attorney's fees in his Answer should Defendant prevail.

H. The Plaintiff understands his obligation to preserve all relevant material, including

electronic records. Defendant through his counsel has provided written notice to the client and related staff of their obligation to preserve all relevant material, including electronic records, by memorandum dated February 28, 2023.

IV. **Status of Discovery**

The Plaintiff has already propounded discovery relating to the calls at issue in this case as well as the liability issues on Defendants and is anticipating a partial response before the Rule 16 Conference. Defendant has been served discovery as of 4/21/23 after a conference between Plaintiff and Defendant's lead counsel on that same date. Defendant has responded to Plaintiff's discovery request on May 25, 2023. Defendant will continue to supplement that discovery as appropriate. Defendant is currently compiling his request for discovery to Plaintiff, and will serve that upon Plaintiff in a timely manner.

V. **Proposed Case Management Deadlines**

    A. Deadline to serve initial disclosures under Rule 26(a)(1) (*must be exchanged at least one (1) business day before Rule 16 conference): Plaintiff: May 30, 2023. Defendant: Per Court Order, May 31, 2023.

    B. Deadline to amend pleadings to add claims or Parties (*must be as early as practicable to avoid prejudice or unnecessary delays): Plaintiff: July 3, 2023. Defendant: Agreed to Plaintiff's proposal, subject to amendment or revision as discovery proceeds and as required by the Court.

    C. Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): Plaintiff: August 15, 2023. Defendant: September 1, 2023.

    D. Deadline for rebuttal expert reports (if any): Plaintiff: September 1, 2023.

Defendant: October 16, 2023.

E. Deadline to complete discovery: Plaintiff: September 1, 2023. Defendant: October 31, 2023.

F. If any Party seeks more than 120 days for discovery, explain why.: Plaintiff: N/A. Defendant: Defendant is the Majority Leader of the Pennsylvania House of Representatives, which has a Constitutional duty to pass a state budget by the conclusion of June. During the month of June, Defendant will be unable to meaningfully engage in discovery. However, there is a possibility that the passing of the state budget may proceed past the Constitutional June 30 deadline. Defendant does not intend to delay or protract this case, and will work diligently to comply with all Court deadlines.

G. Deadline to file motion for summary judgment: Plaintiff: October 1, 2023. Defendant: December 15, 2023.

**VI.     Deposition Scheduling**

The Parties have not set aside dates for deposition. The Parties intend to confer no later than two weeks of the Rule 16 conference and intend to set aside dates sufficient to permit depositions per the Court's order.

**VII.    Electronic Discovery**

*Plaintiff's Position:*

The Parties have discussed electronic discovery. Plaintiff has made clear that most of the electronic discovery he is seeking is in telephone systems and should be readily accessible. Plaintiff has also stated that such discovery may be in the possession of third-party contractors and custodians, the identities of which the Defendant has not yet disclosed to Plaintiff. Any

search terms would be related to the telephone numbers at issue in the case, as well as the dates of the calls. As most telephone systems collect and store such information automatically, there is little burden to collecting, reviewing, and producing ESI. Because the ESI in this case is relatively straightforward, Plaintiff does not anticipate any ESI-related issues. The Parties have not yet agreed to an ESI stipulation.

*Defendant's Position:*

Defendant is still in the process of gathering the information identified by Plaintiff, above. Although Defendant does not anticipate any ESI-related issues, Defendant is not in a position to make any representations as to the ease of gathering all of the requested or responsive information at this time. Defendant, generally, agrees that the ESI in this case is relatively straightforward based on the review already completed. Defendant agrees that the parties have not yet agreed to an ESI stipulation, though Defendant has already produced a number of ESI documents to Plaintiff.

**VIII.   Protective Orders and Confidentiality Agreements**

*Plaintiff's Position:*

The Plaintiff is not seeking a protective order in this case, but will seek to keep his telephone number, billing information, and other personally identifiable information confidential, pursuant to the dictates of Rule 5.2.

*Defendant's Position:*

Defendant will be timely seeking a protective order regarding certain personal and private constituent information, specifically the names and telephone numbers of constituents of Defendant, the Democratic Caucus of the Pennsylvania House of Representatives, the Pennsylvania House of Representatives, and/or the Pennsylvania General Assembly, to which


calls were placed.  Defendant may also, pending the results of discovery, seek a protective order related to certain information, including but not limited to, propriety information contained in any third party contracts and/or agreements.

    **IX.**    **Alternative Dispute Resolution**

        A. The Plaintiff has tendered a settlement offer to the Defendant which was rejected. The Plaintiff has not received a counter-offer.  Defendant indicated to Plaintiff in our Rule 26 conference that he is not interested in entertaining or offering a settlement at this time as this claim affects every Senator in the Pennsylvania Senate and every Member of the Pennsylvania House of Representatives, as well as every elected state official in any of the state offices to which officials are elected.  As it is a matter of significant public interest, Defendant does not feel it is appropriate to engage in settlement negotiations at this time.  Further, Defendant is unsure whether this lawsuit merits a good faith settlement negotiation and is skeptical at this point, given the nature of the suit and discussions to date with Plaintiff, whether such negotiations would be productive.

        B. The Parties have not considered or explored alternative dispute resolution procedures, but Plaintiff is open to ADR.

        C. The Plaintiff, who will attend the Rule 16 conference, has the authority to discuss settlement.  Lead Counsel for Defendant, Matthew S. Salkowski, will attend the Rule 16 Conference.

    **X.**    **Consent to Send Case to a Magistrate Judge**

The Parties do not consent to refer this case to a magistrate judge at this time.

XI. **Service By Electronic Means**

The Parties consent to service of pleadings and discovery via email pursuant to FED. R. CIV. P. 5(b)(2)(E).

XII. **Policies and Procedures**

Judge Wolson's Policies and Procedures are available for the Parties to review on the Court's website. By signing below, counsel for each Party and/or each pro se Party represents that he or she has reviewed the Judge's Policies and Procedures and acknowledges the requirements contained therein, including the Policies governing keywords to use when emailing Chambers. The Parties and their counsel further acknowledge by signing below that Judge Wolson will strike pleadings and other submissions that do not comply with his Policies and Procedures.

XIII. **Other Matters**

The Parties have no other matters to bring to the Court's attention at this time.

**Dated: May 26, 2023**

**Respectfully Submitted:**

_____/s/_____
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

**/s/ Matthew S. Salkowski**
Matthew S. Salkowski, Esq. (PA #320439)

Office of Chief Counsel, Democratic Caucus
Pennsylvania House of Representatives
Room 620 Main Capitol Building
Harrisburg, PA 17120
717-787-3002
msalkowski@pahouse.net
*Counsel for Defendant Matthew Bradford*