**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Andrew R. Perrong | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action |
| | : | No. 2:23-cv-00510-JDW |
| Matthew Bradford | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant State Representative Matthew Bradford ("Defendant Bradford"),

by and through his undersigned counsel, hereby answers the Plaintiff's Amended

Complaint and submits Affirmative Defenses as follows:[1]

---

[1]  The Complaint originally alleged violations of the federal Telephone Consumer Protection Act, 47 U.S.C.A. § 227 ("TCPA") and Pennsylvania's Telemarketer Registration Act, 73 P.S. §§ 2241-2250 ("TRA").  ECF No. 1 at ¶¶ 60, 65, 69, 74.  The TCPA claims are set forth in Counts I, II, and IV of the Complaint and the TRA claims are set forth in Count III of the Complaint.

On March 20, 2023, Defendant filed a Motion to Dismiss for Failure to State a Claim.  ECF No. 8.  By Order dated April 28, 2023, the Court granted Defendant's Motion with respect to the TRA claims under Count III and denied the Motion with respect to the TCPA claims set forth in Counts I, II, and IV.  ECF No. 11.

On June 15, 2023, Plaintiff filed an amended complaint naming Cleo Communications LLC as a co-defendant.

## Preliminary Statement

1.      Admitted in part; denied in part.  Admitted that Plaintiff Andrew R. Perrong ("Plaintiff") brings this action under the Telephone Consumer Protection Act, 47 U.S.C.A. § 227 ("TCPA").  The remaining allegations in this paragraph are legal conclusions to which no response is required or are characterizations of the TCPA, which are denied.  To the extent a response is required, Defendant Bradford denies the allegations.

2.      Admitted in part; denied in part.  Admitted that Defendant Bradford is a Member of the Pennsylvania House of Representatives. Defendant Bradford denies the allegations in this paragraph that he, in his individual capacity, directed co-defendant Cleo Communications, LLC to place the calls at issue.  Defendant Bradford relies on resources and services provided by the Democratic Caucus of the Pennsylvania House of Representatives to facilitate the placing of the calls at issue.  Consequently, Defendant Bradford cannot form a belief about the truth of the Plaintiff's allegation; therefore, the allegation is denied. The remaining allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required or there are facts alleged in this paragraph, Defendant Bradford denies the allegations.  By way of further response, it is specifically denied that any calls made by Defendant Bradford were illegal and

that they were made to "sell health insurance via the Pennie/ObamaCare [sic] health marketplace and do additional advertising for related events."

3.      Denied.  The allegations in this paragraph that any such calls placed by Defendant Bradford to Plaintiff were for telemarketing purposes are legal conclusions to which no response is required.  Defendant Bradford lacks knowledge or information to form a belief about the truth of the allegation regarding Plaintiff's consent to receive the phone calls.  To the extent a response is required, Defendant Bradford denies the allegations

### Parties

4.      Denied.  Defendant Bradford at this time lacks sufficient knowledge or information to form a belief about the truth of the allegation regarding Plaintiff's residency.  To the extent a response is required, Defendant Bradford denies the allegations.

5.      Admitted.  Matthew Bradford is a Democratic member of the Pennsylvania House of Representatives.

6.      Admitted in part; denied in part.  To the best of Defendant's knowledge, Co-defendant Cleo Communications LLC is an Illinois corporation.  Defendant Bradford at this time lacks sufficient knowledge or information to form a belief about the truth of the allegation regarding whether Cleo Communications LLC

provides communications services in Defendant Bradford's legislative district. To the extent a response is required, Defendant Bradford denies the allegations.

## Jurisdiction & Venue

7.      Denied.  This allegation is a conclusion of law to which no response is required.  To the extent a response is required, Defendant Bradford denies the allegations.

8.      Denied.  Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegation regarding "automated calls and text messages" being "placed into this District."  To the extent a response is required, Defendant Bradford denies the allegations.

## The Telephone Consumer Protection Act

9.      Admitted in part; denied in part.  Admitted that Plaintiff correctly quoted the Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) codified at 47 U.S.C. § 227).  The remaining allegations in this paragraph are legal conclusions to which no response is required or are characterizations of the TCPA, which are denied.

10.     Admitted in part; denied in part.  Admitted that Plaintiff correctly quoted 47 U.S.C.A. § 227(b)(1)(A)(iii).  The remaining allegations in this paragraph are legal conclusions to which no response is required or are characterizations of the TCPA, which are denied.

11.     Denied.  Defendant Bradford lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding the use of Plaintiff's "VoIP service."  By further response, the remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Bradford denies the allegations.

12.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Bradford denies the allegations.

13.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Bradford denies the allegations.

14.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Bradford denies the allegations.

15.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Bradford denies the allegations.

16.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Bradford denies the allegations.

17.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Bradford denies the allegations and any characterization of the National Do Not Call Registry.

18.     Admitted in part; denied in part.  Defendant admits that Plaintiff correctly quoted 47 C.F.R. § 64.1200(c)(2).  The remaining allegation is a conclusion of law to which no response is required.  To the extent a response is required, Defendant Bradford denies the allegation.

19.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Bradford denies the allegations.

### Factual Allegations

20.     Admitted.  Defendant Matthew Bradford is a Democratic member of the Pennsylvania House of Representatives.

21.     Denied.  The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant Bradford denies the allegations.

22.     Denied.  Defendant Bradford relies on resources and services provided by the Democratic Caucus of the Pennsylvania House of Representatives to facilitate the placing of pre-recorded phone calls.  To Defendant Brdaford's best knowledge,

the Democratic Caucus of the Pennsylvania House of Representatives contracts with Cleo Communications, LLC to assist in facilitating the placing of pre-recorded phone calls.

23.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, specifically with regard to Cleo Communication's operations or procedures once appropriate information and/or materials are provide by the Legislative Communications Office of the Democratic Caucus of the Pennsylvania House of Representatives, and the allegations are therefore denied.

24.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegation regarding the use of "automated" calls.  Denied with the respect to the characterization of the use of those calls.

25.     Denied.  Defendant Bradford denies the characterization of the phone calls and the allegations regarding the purpose of the phone calls as untrue.  To the extent any factual allegations are alleged, Defendant Bradford denies the allegations. By way of further response, it is specifically denied that any calls made by Defendant Bradford were made to "reach someone interested in… attending another on of Bradford's political events."

26.     Denied.  Defendant Bradford lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding the purported class pled by Plaintiff, and the allegation is therefore denied.  By further answer, the allegation that Plaintiff is a "person" under the TCPA is a legal conclusion to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegation.

27.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

28.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

29.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

30.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

31.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

32.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

33.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

34.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

35.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

36.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by plaintiff, and the allegations are therefore denied.  For further response, this paragraph contains conclusions of law to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

37.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

38.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

39.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

40.     Admitted regarding the content of a message recorded by Defendant Bradford concerning an informational session about the Pennie Program held on January 5.

41.     Denied. Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

42.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

43.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

44.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

45.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent that a response is required, Defendant Bradford denies the allegations.

46.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations contained in this paragraph are conclusions of law to which no response is required.  To the extent that a response is required, Defendant Bradford denies the allegations.

47.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal

conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

48.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

49.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

50.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

51.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

52.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal

conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

53.    Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

54.    Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

55.    Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

56.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

57.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

58.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

59.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

60.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

61.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

62.     Admitted in part; denied in part.  Admitted that due to the Court's Order dated April 28, 2023, ECF No. 11, the TCPA claims were not decided on a motion to dismiss.  Defendant Bradford lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations regarding the propriety of discovery and the resolution of this matter by summary judgment are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

50–52.[2]     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the remaining allegations are conclusions of law to which no response is required.  To the extent a response is required, Defendant Bradford denies the allegations.

53-56.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

---

[2]     Paragraphs 50-62 starting on page 12 of the Amended Complaint under subsection "Defendant's Conduct Violates the TCPA" are misnumbered and duplicative of the numbers listed above them.  For clarity's sake, Defendant Bradford answers some of the duplicated paragraphs in groups and will resume numbering the paragraphs separately beginning with paragraph 63 in this Amended Answer to correlate with paragraph 63 in the Amended Complaint.

57.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

58.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.

## Legal Claims

## Count One: Violation of the TCPA's Prohibition Against Automated Calling via Pre-Recorded Message

59.     Admitted.

60-62.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

63.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal

conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

### Count Two: Violation of the TCPA's Prohibition Against Automated Calling With an Automatic Telephone Dialing system (ATDS)

64.    Admitted.

65.    Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

66.    Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

67.    Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

68.    Denied.  The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

## Count Three: Violation of the TCPA's Implementing Regulations Codified at 47 C.F.R. § 64.1200

69.    Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

70.    Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

71.    Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

72.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

73.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

74.     Denied.  Defendant Bradford lacks at this time knowledge or information sufficient to form a belief about the truth of the allegations by Plaintiff, and the allegations are therefore denied.  By further response, the allegations are legal conclusions to which no response is required.  To the extent an answer is required, Defendant Bradford denies the allegations.

## Relief Sought

A.     Plaintiff's Relief Sought A sets forth conclusions of law to which no response is required.  To the extent a response is required, Defendant Bradford denies that Plaintiff is entitled to the relief sought.

B.     Plaintiff's Relief Sought B sets forth conclusions of law to which no response is required.  To the extent a response is required, Defendant Bradford denies that Plaintiff is entitled to the relief sought.

C.     Plaintiff's Relief Sought C sets forth conclusions of law to which no response is required.  To the extent a response is required, Defendant Bradford denies that Plaintiff is entitled to the relief sought.

## Jury Demand

The Plaintiff's Amended Complaint sets forth a demand for a jury trial, to which no response is required.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Matthew Bradford respectfully requests this Court enter judgment in his favor and against Plaintiff and dismiss this complaint in its entirety with prejudice and grant Defendant Bradford his litigation fees and costs and any other relief as this Court deems proper and just.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred in whole or in part because Plaintiff has failed to name and join indispensable or necessary parties.

3.     Plaintiff's claims are barred in whole or in part because Defendant Bradford did not violate the TCPA.

4.     Plaintiff's claims are barred in whole or in part because any calls placed by Defendant Bradford were placed within the scope of his official legislative duties.

5.     Plaintiff's claims are barred in whole or in part because Defendant Bradford did not place any calls to Plaintiff in Defendant's personal capacity.

6.     Plaintiff's claims are barred in whole or in part because Defendant Bradford is not a "person" subject to the provisions of the TCPA in this matter.

7.     Plaintiff's claims are barred in whole or in part because Plaintiff cannot prove that Defendant Bradford willingly or knowingly violated the TCPA.

8.     Plaintiff's claims are barred in whole or in part because Defendant is not a telemarketer and the calls were not made for telemarketing purposes.

9.     Plaintiff's claims are barred in whole or in part because the Eleventh Amendment to the U.S. Constitution bars actions in Federal Courts against individual state officers in their personal capacity.

10.     Plaintiff's claims are barred in whole or in part because Defendant Bradford has not waived his Eleventh Amendment Immunity under the U.S. Constitution.

11.     Plaintiff's claims are barred in whole or in part because Defendant Bradford has qualified immunity.

12.      Plaintiff's claims are barred in whole or in part because Defendant Bradford has not waived qualified immunity.

13.     Plaintiff's claims are barred in whole or in part because Defendant Bradford was not acting in his personal capacity under the color of state law.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant Bradford hereby reserves the right to assert such additional defenses as may become apparent during the course of discovery.

Respectfully Submitted,

*/s/ Matthew S. Salkowski*
Matthew S. Salkowski, Esq. (PA #320439)
Office of Chief Counsel, Democratic Caucus
Pennsylvania House of Representatives
Room 620 Main Capitol Building
Harrisburg, PA 17120
*Counsel for Defendant Matthew Bradford*

DATED: June 29, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date indicated below service of the foregoing

Amended Answer and Affirmative Defenses was made via electronic mail upon

the following:

Andrew R. Perrong
1657 The Fairway #131
Jenkintown, PA 19046
andyperrong@gmail.com

*Pro Se Plaintiff*


By:   <u>*/s/ Matthew S. Salkowski*</u>
Matthew S. Salkowski, Esq. (PA #320439)
Office of Chief Counsel, Democratic Caucus
Pennsylvania House of Representatives
Room 620 Main Capitol Building
Harrisburg, PA 17120

*Counsel for Defendant Matthew Bradford*

DATED: June 29, 2023