IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG, *Plaintiff*, v. MATTHEW BRADFORD, *Defendant*. | Civ. No. 2:23-cv-00510-JDW |

**BRIEF OF REPRESENTATIVE MATTHEW BRADFORD
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Karl S. Myers (Pa. No. 90307)
STEVENS & LEE
1500 Market Street
East Tower, 18th Floor
Philadelphia, PA 19102
(215) 751-2864
karl.myers@stevenslee.com

Tara L. Hazelwood (Pa. No. 200659)
Matthew S. Salkowski (Pa. No. 320439)
Pennsylvania House of Representatives
620 Main Capital Building
Harrisburg, PA 17120
(717) 787-3002
thazelwood@pahouse.net
msalkowski@pahouse.net

*Counsel for Representative Matthew Bradford*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................. - 1 -

II. QUESTIONS PRESENTED ................................................................. - 1 -

III. FACTS .................................................................................................. - 2 -

IV. STANDARD OF REVIEW .................................................................. - 4 -

V. ARGUMENT ........................................................................................ - 4 -

    A.    The facts show the calls here complied with the TCPA because they were "in the conduct of official business." ............................................................... - 5 -

    B.    The facts show Rep. Bradford does not qualify as a "person" under the TCPA ............................. - 11 -

    C.    Sovereign immunity shields Rep. Bradford ................................ - 12 -

    D.    Qualified immunity protects Rep. Bradford ............................... - 13 -

VI. CONCLUSION ................................................................................... - 15 -

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)..............................................................................................4

*Doe v. Abington Friends Sch.*,
    480 F.3d 252 (3d Cir. 2007) .................................................................................4

*HIRA Educ. Servs. N. Am. v. Augustine*,
    991 F.3d 180 (3d Cir. 2021) .........................................................................13, 14

*Lewis v. Clarke*,
    581 U.S. 155 (2017)............................................................................................12

*Threadford v. Board of Trs. of Univ. of Ala.*,
    2018 WL 2197554 (N.D. Ala. May 14, 2018) ...................................................13

*Tomei v. Office of 32nd Jud. District Delaware County*,
    2021 WL 915936 (E.D. Pa. Mar. 10, 2021) .......................................................14

*Wilson v. Wolf*,
    2021 WL 1105346 (E.D. Pa. Mar. 23, 2021) .....................................................13

*Zhang v. Clifford*,
    2023 WL 4980933 (E.D. Pa. Aug. 3, 2023) .......................................................13

**Regulatory Rulings**

*In re: Broadnet Teleservices LLC*,
    35 FCC Rcd. 15052 (2020)................................................................................11

*In re: U.S. HHS Petition*,
    2023 WL 415622 (FCC Jan. 23, 2023)..............................................................11

**Statutes**

47 U.S.C. §227........................................................................................................11

**Court Rules**

Fed.R.Civ.P.56.........................................................................................................4

Representative Matthew Bradford submits this brief in support of his motion for summary judgment.

## I.     INTRODUCTION

The Court allowed this Telephone Consumer Protection Act ("TCPA") case to proceed beyond the pleading stage to afford plaintiff, Andrew Perrong, the opportunity to develop facts supporting his claim that defendant, Pennsylvania State Representative Matthew Bradford, acted in his individual capacity in placing five pre-recorded calls. (Doc. 11 ¶8.) After months of discovery, Mr. Perrong has uncovered no evidence that Rep. Bradford acted in his individual capacity. The evidence instead shows that he acted solely in his official capacity. Mr. Perrong's TCPA claim thus fails or Rep. Bradford is entitled to immunity. Either way, the Court should enter summary judgment in Rep. Bradford's favor.

## II.    QUESTIONS PRESENTED

1. Should the Court grant summary judgment for Representative Bradford because there is no genuine dispute that all of his acts here were in the conduct of official Commonwealth business?

   *Suggested answer: yes.*

2. Should the Court grant summary judgment for Rep. Bradford because there is no genuine dispute that he does not qualify as a "person" under the TCPA?

   *Suggested answer: yes.*

3. Should the Court grant summary judgment for Rep. Bradford because he is protected by sovereign immunity?

*Suggested answer: yes.*

4. Should the Court grant summary judgment for Rep. Bradford because he is shielded by qualified immunity?

*Suggested answer: yes.*

## III. FACTS

Mr. Perrong filed this action in February 2023 against Rep. Bradford. In his original complaint, Mr. Perrong asserted that five pre-recorded phone calls voiced by Rep. Bradford violated the TCPA and Pennsylvania Telemarketer Registration Act ("TRA"). Mr. Perrong asserted three TCPA-based claims (Counts 1, 2, and 4) and one TRA claim (Count 3). (Doc. 1.)

Rep. Bradford moved to dismiss, asserting immunity and failure to state a claim, among other things. (Doc. 8.) The court decided Rep. Bradford is entitled to immunity as to his official-capacity acts, but not any individual-capacity acts. (Doc. 11 ¶¶3-4.) The court similarly found it could not determine, based on the complaint, if the calls were placed as part of official business or for other purposes, such as to support re-election campaigns. The court determined it needed details, including about how the calls were financed and whether they were placed from an office number. (*Id.* ¶8.) Lastly, the Court decided that Mr. Perrong's state law TRA claim failed as a matter of law. (*Id.* ¶¶9-10.)

Mr. Perrong later amended his pleading after learning during discovery that Cleo Communications LLC had been engaged for relevant technical services. (Docs. 17 & 18.)  In his amended complaint, Mr. Perrong asserted three TCPA-based claims against Rep. Bradford and Cleo. (Doc. 19.)  Cleo moved to dismiss, asserting that Mr. Perrong failed to state a TCPA claim. (Doc. 29.)  The Court granted the motion in part, dismissing two claims but allowing Count 1 to proceed. (Docs. 39 & 40.)  Mr. Perrong and Cleo later settled. (Doc. 42.)

In sum, after the Court's rulings and the Cleo settlement, what remained of Mr. Perrong's case was one claim that Rep. Bradford, acting in his individual capacity, violated the TCPA by placing five pre-recorded calls.  The Court allowed Mr. Perrong the opportunity to develop facts supporting that claim in discovery.

During discovery, Mr. Perrong served Rep. Bradford with two sets of written discovery and took two depositions.  Rep. Bradford timely responded to the written discovery.  (*Joint Exhibits D & E*.)  He also produced all responsive, non-privileged items within his custody and control, ultimately producing over 1,600 pages and 5 audio files.  After paper and electronic discovery, Mr. Perrong deposed Rep. Bradford and Robert Caton, Senior Manager for Communications and Messaging for the Pennsylvania House of Representatives Democratic Caucus.  (*Joint Exhibits B & C.*)

- 3 -

The Court ultimately gave Mr. Perrong until November 24, 2023 to conduct discovery. (Doc. 41.) The Court thus afforded him more than 6 months to develop facts supporting his individual-capacity TCPA claim against Rep. Bradford.

Rep. Bradford now timely moves for summary judgment.

## IV. STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). This rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In response to a summary judgment motion, the non-moving party may not "merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted).

## V. ARGUMENT

The Court should enter summary judgment for Rep. Bradford because there is no material factual dispute and he is entitled to judgment as a matter of law.

Four grounds support entry of summary judgment in Rep. Bradford's favor. *First*, the facts developed in discovery show that the five calls were placed solely as part of Rep. Bradford's official capacity as a Pennsylvania State Representative. *Second*, Rep. Bradford does not qualify as a "person" under the TPCA because the calls were solely in the conduct of official state business. *Third*, Rep. Bradford is protected by sovereign immunity because the calls were undertaken in his official capacity as a Pennsylvania State Representative. *Fourth*, Rep. Bradford is shielded by qualified immunity because Mr. Perrong cannot show the calls violated a clearly established constitutional or statutory right.

For any combination of these reasons, detailed below, the Court should enter summary judgment in Representative Bradford's favor.

**A.   The facts show the calls here complied with the TCPA because they were "in the conduct of official business."**

In its decision on Rep. Bradford's motion to dismiss, the court found that it could not determine, based on the complaint, if the calls complied with the TCPA. The Court explained that it needed information on whether the calls were made "in the conduct of official business" or for "campaigns for re-election" or other purposes. The court could was unable to ascertain, based on the complaint, "how the calls or information session were financed" or "whether the calls were made from [Rep. Bradford's] office number." (Doc. 11 ¶8.)

Now that discovery is complete, the court has the needed information. And the developed facts decisively show that all of the calls were solely in connection with official state business.

To begin, the evidence shows that all the calls were paid for by the Pennsylvania House of Representatives Democratic Caucus—not Rep. Bradford. (*Exhibit D*, Defendant's Responses to Plaintiff's First Set of Discovery, No. 3). The funds used to pay for the calls are from a common fund of the House of Representatives. Individual House Members like Rep. Bradford are not billed. (*Exhibit B*, Bradford Dep. 19:3-9; *Exhibit C*, Caton Dep. 66:24 to 67:9.) The House of Representatives also pays for the events discussed during the calls. (Bradford Dep. 18:24 to 19:2.)

The House Democratic Caucus, not Rep. Bradford, contracted with Cleo Communications for services related to the five calls. (Defendant's Responses to Plaintiff's First Set of Discovery, No. 3; Defendant's Responses to Plaintiff's First Set of Discovery, No. 12; Bradford Dep. 18:24 to 19:2.) Equipment for the calls is located in the House at the Capitol in Harrisburg. (Caton Dep. 25:17 to 26:23.)

All calls placed using these House resources are strictly limited to those with a legitimate legislative purpose and public benefit, like calls relating to government events. (Caton Dep. 27:3-13, 18:13-14, 66:19-20, & 72:4-9; *Exhibit D*,

Defendant's Responses to Plaintiff's First Set of Discovery, No. 3; Bradford Dep. 10:6-11, 18:20-23.)  As Rep. Bradford testified, these calls are meant "to connect all my constituents to available government services that exist and are available." (Bradford Dep. 19:10-15.)  Mr. Caton added that the "system was intended to promote events, things like senior fairs, things like letting seniors know about the Property Tax Rebate Program, state government programs of that nature, to inform constituents about events [and] about services available in offices."  (Caton Dep. 27:15 to 28:5.)

If there is any question about a proposed call's legislative purpose, then it undergoes House Legal and Ethics review to ensure compliance.  (Caton Dep. 59:3 to 60:14, & 24:22 to 25:1; Bradford Dep. 12:16 to 13:16.)  If a call is determined to be non-legislative, then the request is rejected and the call is not placed.  As Mr. Caton testified, proposed calls lacking an official legislative purpose "are never sent," and requests to make them are "refused and that's it."  (Caton Dep. 28:10 to 29:19.)  For his part, Rep. Bradford could not recall any instance when he was denied a call for this reason.  (Bradford Dep. 13:17 to 14:2.)

What is more, Rep. Bradford testified that he had no ulterior motive for pursuing the calls here.  He did not intend the calls to benefit his election prospects or party, did not make them for political purposes, and did not place them with an aim of generating campaign contributions or political support.  (Bradford Dep.

14:4 to 15:3.) Rather, as noted above, the calls were part and parcel with constituent service in his capacity as a State Representative.

As for the specifics of the five calls (transcripts of which are included with this submission as *Exhibit A*):

    1.    <u>September 20, 2019 Elmwood Park Zoo event call</u> – In the first call, Rep. Bradford invited constituents to a family fair at the Elmwood Park Zoo in Norristown. Rep. Bradford identified himself as a State Representative and invited constituents to RSVP by sending an email to his official House of Representatives email address or calling his House district office. (*Exhibit A*.) Rep. Bradford testified that this annual event is for "all of our constituents, where we invite them, and government service providers, as well as nonprofits, to get services to our constituents." (Bradford Dep. 11:18-23.)

    2.    <u>October 10, 2019 shredding event call</u> – In the second call, Rep. Bradford invited constituents to a shredding event. Rep. Bradford identified himself as a State Representative and invited constituents to call his House district office for more information. (*Exhibit A*.) He testified this event is meant to benefit constituents, as "they're all invited to dispose of confidential information and materials in order to avoid identity theft and the sorts." (Bradford Dep. 11:18-23.)

    3.    <u>January 31, 2020 Census call</u> – In the third call, Rep. Bradford notified constituents about an opportunity to work on the 2020 Census. Rep. Bradford identified himself as a State

Representative and invited constituents to call his House district office for more information. During the call, Rep. Bradford stated that this Census work would "help make sure that everyone in our community is counted" and mentioned that he was working with other government offices on Census recruiting. (*Exhibit A*.) Rep. Bradford testified that this call was meant "to connect our constituents to the availability of employment with the federal government doing the census during the COVID year where they were having trouble getting employees to do the constitutionally required census." (Bradford Dep. 11:9-14.)

    4.    *April 17, 2020 COVID-related call* – In the fourth call, Rep. Bradford notified constituents about government resources available during the early days of the COVID-19 pandemic. Rep. Bradford identified himself as a State Representative and invited constituents to call his House district office for more information. During the call, Rep. Bradford stated that, despite physical office closures, he and his staff were available to work remotely to serve the public, including regarding unemployment compensation and resources for small businesses. (*Exhibit A*.) Rep. Bradford testified that this call was "to remind constituents that even though during the stay at home order, our office would be closed, my constituent services would be available to all of our constituents, both electronically and telephonically." (Bradford Dep. 10:24 to 11:5.)

Mr. Perrong explored whether this April 17, 2020 call was allowed under House Rules, given its proximity to the June 2, 2020 primary election. Discovery showed that it was, in fact, expressly

- 9 -

permitted under House Rules. Pandemic-related House measures in effect at that time specifically authorized calls like this one. (Bradford Dep. 16:6 to 17:3 and 18:7-15) ("[a]s that was during the COVID period, there was a temporary rule in place that specifically permitted the use of such communication in light of the public health emergency to again contact all of our constituents with necessary public health information"); (*Exhibit G*, H. Res. 2 of 2020, Mar. 25, 2020.) ("mass communication … shall be permitted during a restricted period if the mass communication is limited to information directing constituents to public and private resources and services available to mitigate the impact of the state of disaster emergency declared March 6, 2020"); (*Exhibit H*, H. Res. 834 of 2020, March 16, 2020).

     5.    *December 30, 2020 Pennie call* – In the fifth and final call, Rep. Bradford invited constituents to a virtual information session on the Pennie government health plan featuring presenters from the state government. Rep. Bradford identified himself as a State Representative, invited constituents to call his House district office for more information, and invited them to sign up for the program through a House-operated website. As for this call, Rep. Bradford testified that "we did an event to make all of our constituents [aware] of the availability of the state level health insurance marketplace to purchase insurance." (Bradford Dep. 12:10-15.)

This evidence shows that none of the five calls were placed in Rep. Bradford's individual capacity. (Bradford Dep. 17:4-7; Defendant's Responses to Plaintiff's First Set of Discovery, No. 7.) All were in his official capacity as a

State Representative and were within his official duties. (Bradford Dep. 17:8-12); (Defendant's Responses to Plaintiff's First Set of Discovery, No. 13).

In sum, Mr. Perrong has developed no facts in discovery showing that Rep. Bradford acted in his individual capacity. The evidence points the other way. Thus, the remaining individual-capacity TCPA claim in Count 1 fails.

### B. The facts show Rep. Bradford does not qualify as a "person" under the TCPA.

Next, based on the facts detailed above in *Section A*, Rep. Bradford does not qualify under the TCPA as a "person." Thus, the remaining individual-capacity TCPA claim fails for this added reason.

The TCPA restricts certain calls made by a "person." 47 U.S.C. §227(b)(1). Under the FCC's authority to implement TCPA rules and regulations, *see id.* §227(b)(2), the agency has concluded a state government is not a "person" subject to TCPA restrictions. *See In re: Broadnet Teleservices LLC*, 35 FCC Rcd. 15052, ¶¶13, 22-28 (2020). The FCC specifically concluded that "a state government caller making calls in the conduct of official government business is not a 'person' subject to section 227(b)(1) of the TCPA." *Id.*; *see also In re: U.S. HHS Petition*, 2023 WL 415622, ¶¶18-19 (FCC Jan. 23, 2023) (same).

As the above facts show, all five of the calls here were made by a state government caller—a Pennsylvania State Representative—in the conduct of

- 11 -

official government business.  The calls were for no other purpose.  Rep. Bradford thus does not qualify as a "person" under the TCPA.  The remaining individual-capacity TCPA claim in Count 1 fails for this reason.

### C. Sovereign immunity shields Rep. Bradford.

The facts detailed in *Section A* also show Rep. Bradford is entitled to sovereign immunity (whether on the basis of state sovereign immunity, Eleventh Amendment immunity, or both).  The remaining individual-capacity TCPA claim can and should be dismissed for this reason as well.

As the Court explained in its decision on Rep. Bradford's motion to dismiss, a plaintiff's official capacity action nominally seeks relief against the official but really seeks relief "against the official's office and thus the sovereign itself."  (Doc. 11 ¶2) (quoting *Lewis v. Clarke*, 581 U.S. 155, 162 (2017)).  The Court thus allowed the TCPA claim in Count 1 to proceed, but only so long as Mr. Perrong could generate evidence showing Rep. Bradford acted in his individual capacity.  The Court was clear that "Mr. Perrong cannot maintain an official capacity claim against Rep. Bradford."  (Doc. 11 ¶¶3-4.)

The now-established facts foreclose any individual capacity claim.  Rep. Bradford acted solely in his official capacity.  Thus, based on the Court's prior ruling, it should grant Rep. Bradford summary judgment on the basis of sovereign

immunity as to the remaining individual-capacity TCPA claim in Count 1. *See Zhang v. Clifford*, 2023 WL 4980933, \*2 (E.D. Pa. Aug. 3, 2023) (Wolson, J.) (dismissing claims against Pennsylvania state trial court judge based on sovereign immunity); *Wilson v. Wolf*, 2021 WL 1105346, \*2 (E.D. Pa. Mar. 23, 2021) (Wolson, J.) (same; claims against Pennsylvania governor); *Threadford v. Board of Trs. of Univ. of Ala.*, 2018 WL 2197554, \*2-\*3 (N.D. Ala. May 14, 2018) (holding state actors—state university trustees—entitled to Eleventh Amendment immunity as for TCPA claim).

### D. Qualified immunity protects Rep. Bradford.

If the Court finds that the individual-capacity TCPA claim in Count 1 can survive the above challenges, Rep. Bradford is still entitled to summary judgment on the basis of qualified immunity.

Qualified immunity protects state officials like Rep. Bradford from civil liability to the extent their conduct does not violate clearly established constitutional or statutory rights of which a reasonable person would have known. *HIRA Educ. Servs. N. Am. v. Augustine*, 991 F.3d 180, 190 (3d Cir. 2021). The qualified immunity analysis involves a two-part test: (1) whether plaintiff sufficiently alleges the violation of a constitutional right; and (2) whether the right was "clearly established" at the time of the official's conduct.

- 13 -

To be "clearly established," a right must be so apparent that "every reasonable official would understand that what he is doing is unlawful." *Id.* (citation omitted). Precedent must have "placed the statutory or constitutional question beyond debate." *Id.* (citation omitted). The right has to be defined with a "high degree of specificity." *Id.* at 190-91 (cleaned up). The legal principle established in a precedential case must "clearly prohibit the official's conduct in the particular circumstances before him." *Id.* at 191 (cleaned up).

Based on these principles, Mr. Perrong's remaining claim against Rep. Bradford fails. Mr. Perrong cannot point to a precedential case arising under the TCPA that clearly prohibits, with a "high degree of specificity," a Pennsylvania State Representative from placing calls like those here. *Id.*

For this reason, the Court should grant Rep. Bradford summary judgment on the basis of qualified immunity as to the remaining individual-capacity TCPA claim in Count 1. *See Tomei v. Office of 32nd Jud. District Delaware County*, 2021 WL 915936, *3-*5 (E.D. Pa. Mar. 10, 2021) (Wolson, J.) (dismissing claims against Pennsylvania state court officials based on qualified immunity).

## VI. <u>CONCLUSION</u>

For these reasons, Representative Matthew Bradford requests entry of summary judgment in his favor and against plaintiff on all remaining claims.

                        Respectfully submitted,

                        <u>/s/ Karl S. Myers</u>
                        Karl S. Myers (Pa. No. 90307)
                        STEVENS & LEE
                        1500 Market Street
                        East Tower, 18th Floor
                        Philadelphia, PA 19102
                        (215) 751-2864
                        karl.myers@stevenslee.com

                        Tara L. Hazelwood (Pa. No. 200659)
                        Matthew S. Salkowski (Pa. No. 320439)
                        Pennsylvania House of Representatives
                        620 Main Capital Building
                        Harrisburg, PA 17120
                        (717) 787-3002
                        thazelwood@pahouse.net
                        msalkowski@pahouse.net

                        *Counsel for Representative*
                        *Matthew Bradford*

Dated:  December 15, 2023