IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG,<br><br>       *Plaintiff*,<br><br>v.<br><br>MATTHEW BRADFORD,<br><br>       *Defendant*. | Civ. No. 2:23-cv-00510-JDW |

**REPLY BRIEF OF REPRESENTATIVE MATTHEW BRADFORD
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Karl S. Myers (Pa. No. 90307)
STEVENS & LEE
1500 Market Street
East Tower, 18th Floor
Philadelphia, PA 19102
(215) 751-2864
karl.myers@stevenslee.com

Tara L. Hazelwood (Pa. No. 200659)
Matthew S. Salkowski (Pa. No. 320439)
Pennsylvania House of Representatives
620 Main Capital Building
Harrisburg, PA 17120
(717) 787-3002
thazelwood@pahouse.net
msalkowski@pahouse.net

*Counsel for Representative Matthew Bradford*

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................- 1 -

II. ARGUMENT......................................................................................................- 2 -

    A.    Rep. Bradford seeks summary judgment on the remaining individual-capacity TCPA claim—not just his defenses. .................- 2 -

    B.    Rep. Bradford is not a "person" for TCPA purposes under Supreme Court precedent and the Act's plain text. .........................- 3 -

    C.    There is a clear, judicially-manageable legal standard here: the Rule 56 standard for a motion for summary judgment. ....................- 6 -

    D.    Inadmissible evidence cannot create a material issue of fact...........- 9 -

    E.    Rep. Bradford's immunity defenses cannot be narrowed. ..............- 12 -

III. CONCLUSION................................................................................................- 14 -

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Baker v. Carr*,
    369 U.S. 186 (1962)..................................................................................................7

*Borden v. Green*,
    2024 WL 69815 (E.D. Pa. 2024)...............................................................................10

*Brown v. Hansen*,
    973 F.2d 1118 (3d Cir. 1992) .....................................................................................9

*Campbell-Ewald Co. v. Gomez*,
    577 U.S. 153 (2016)..................................................................................................13

*Camunas v. Nat'l Republican Senatorial Comm.*,
    570 F. Supp. 3d 288 (E.D. Pa. 2021)..........................................................................1

*Cheng v. Speier*,
    2023 WL 4490352 (9th Cir. 2023) .............................................................................4

*District of Columbia v. Wesby*,
    583 U.S. 48 (2018)............................................................................................. 12-13

*Doe v. Abington Friends Sch.*,
    480 F.3d 252 (3d Cir. 2007) .......................................................................................7

*Greenley v. Laborers' International Union of North America*,
    271 F. Supp. 3d 1128 (D. Minn. 2017) ......................................................................5

*HIRA Educ. Servs. N. Am. v. Augustine*,
    991 F.3d 180 (3d Cir. 2021) ............................................................................... 12-13

*Inyo Cty. v. Paiute-Shoshone Indians*,
    538 U.S. 701 (2003)....................................................................................................3

*Kaszuba v. Borough of Dickson City*,
    779 Fed. Appx. 980 (3d Cir. 2019)...................................................................... 10-11

*Neebe v. Ravin Crossbows, LLC*,
    532 F. Supp. 3d 253 (E.D. Pa. 2021)..............................................................10

*Return Mail v. USPS*,
    139 S. Ct. 1853 (2019)..................................................................................3, 5

*Shahin v. Delaware*,
    563 Fed. Appx. 196 (3d Cir. 2014)..................................................................11

*Vermont Agency of Natural Resources v. Stevens*,
    529 U.S. 765 (2000)......................................................................................4, 5

**Statutes**

47 U.S.C. §227 ............................................................................................................5

**Rules**

Fed.R.Civ.P. 56 ...........................................................................................................7

**FCC Materials**

*In re: Broadnet Teleservices,* 35 FCC Rcd. 15052 (2020) .........................................5

Pennsylvania State Representative Matthew Bradford submits this reply brief in further support of his motion for summary judgment.

## I.  **<u>INTRODUCTION</u>**

As Mr. Perrong acknowledges, "the TCPA is a consumer-protection statute" meant to thwart unwanted commercial solicitations.  (Perrong Br. 10); *see also Camunas v. Nat'l Republican Senatorial Comm.*, 570 F. Supp. 3d 288, 299-300 (E.D. Pa. 2021).  The calls here were not that.  They did not solicit Mr. Perrong to buy anything from a business.  They instead were public service announcement calls from a government official informing constituents of available government resources.  In each, Rep. Bradford identified himself as a State Representative, described a state-sponsored opportunity for constituents, and invited them to contact his State House office.  The House allowed and paid for the calls only because—under a clearly-established protocol—they had an official legislative purpose and public benefit.  There simply is no evidence supporting Mr. Perrong's remaining claim that the calls here were in Rep. Bradford's individual capacity.

Given he has no evidence, Mr. Perrong tries to change the conversation.  He first tries to narrow the scope of Rep. Bradford's summary judgment motion.  But that motion seeks judgment on Mr. Perrong's claim, not just Rep. Bradford's defenses.  Then Mr. Perrong seeks to turn this into a dispute over the efficacy of federal guidance.  But that guidance follows the Supreme Court's time-honored,

recently-applied rule of interpretation that the statutory word "person" does not include a "sovereign." The guidance also adheres to the TCPA's plain text, which expressly allows the FCC to exempt "calls that are not made for a commercial purpose." Mr. Perrong also tries to show this case lacks a judicially-manageable standard by grasping at inapplicable and improper standards outside the TCPA context. But there is a settled, manageable judicial standard: Rule 56, which applies to this (and every other) summary judgment motion. Under that standard, the admissible evidence shows there is no material issue of fact and that Rep. Bradford is entitled to summary judgment. Mr. Perrong finally attempts to rely on his misleading questioning of the witnesses and distortions of immunity law, but neither can stop the entry of summary judgment here.

## II. ARGUMENT

### A. Rep. Bradford seeks summary judgment on the remaining individual-capacity TCPA claim—not just his defenses.

First, Mr. Perrong tries to recast Rep. Bradford's motion as seeking judgment only on his defenses. (Perrong Br. 1, 3.) To be clear: Rep. Bradford seeks summary judgment both because Mr. Perrong has developed no facts in discovery showing Rep. Bradford is a TCPA "person" or that otherwise support his remaining individual-capacity claim and because Rep. Bradford is immune. In Sections A and B of Rep. Bradford's opening brief, he explains why Mr. Perrong's

claim cannot proceed beyond this stage because he developed no facts in discovery he can use to meet his burden of proof. (Bradford Br. 5-12.) In Sections C and D, Rep. Bradford asserts—in the alternative—that sovereign and qualified immunity shield him. (*Id.* 12-14.)

### B. Rep. Bradford is not a "person" for TCPA purposes under Supreme Court precedent and the Act's plain text.

Second, Mr. Perrong invites the Court to reject the FCC's guidance. (Perrong Br. 4-10.) This assertion is new; Mr. Perrong seemed to accept that guidance before. (Doc. 10 at 14-16.) In any event, he misses the mark, as the guidance aligns with the statute's language.

The thrust of Mr. Perrong's contention is that "person" in the statute must include Rep. Bradford because the dictionary says he is a "person." (*Id.* 8-10.) The problem with this argument is that the Supreme Court has rejected it—time and again. It holds, as a settled matter of statutory construction, that "person" in a statute does not include government actors. *See, e.g.*, *Return Mail v. USPS*, 139 S. Ct. 1853, 1861-62 (2019) (discussing the Court's "longstanding interpretive presumption that 'person' does not include the sovereign," absent a contrary and express statutory definition). The Court also rejects Mr. Perrong's cramped, dictionary-dependent analysis. *See Inyo Cty. v. Paiute-Shoshone Indians*, 538 U.S. 701, 711 (2003) ("qualification of a sovereign as a 'person' … depends not 'upon a

bare analysis of the word 'person,' but on the 'legislative environment' in which the word appears" (citation omitted)).

For instance, in *Vermont Agency of Natural Resources v. Stevens*, 529 U.S. 765 (2000), the Court considered whether a state agency qualified as a "person" as that word is used in the text of the federal False Claims Act. The Court said "no." In an opinion by Justice Scalia, the Court applied "to this text our longstanding interpretive presumption that 'person' does not include the sovereign" and found it "particularly applicable where it is claimed that Congress has subjected the States to liability to which they had not been subject before." *Id.* at 780-81 (citations omitted). The Court reasoned that this rule "may be disregarded only upon some affirmative showing of statutory intent to the contrary." *Id.* at 781; *see Cheng v. Speier*, 2023 WL 4490352, *1 (9th Cir. 2023) (applying *Vermont Agency of Natural Resources* to hold a legislator was not a "person" under the TCPA and thus could not be liable for telephone calls about virtual town hall events).

Here, there is nothing in the TCPA showing congressional intent to apply the Act's restrictions to state legislators like Rep. Bradford when they make public service announcement calls to constituents to inform them about available government resources. Mr. Perrong tries to divine this intent from the Act's definition of "person" (particularly its use of "includes"), but once again the Supreme Court disagrees. It holds that, absent express mention of the government

in a statute, it is not subject to a statute like this one.  *See Return Mail*, 139 S. Ct. at 1862.  Mr. Perrong's reference to *Greenley v. Laborers' International Union of North America*, 271 F. Supp. 3d 1128 (D. Minn. 2017), relatedly fails, as the defendant there was a labor union—not a state government actor.

What is more, the TCPA's plain language expressly authorizes the FCC, "by rule or order," to exempt "calls that are not made for a commercial purpose."  47 U.S.C. §227(b)(2)(B)(i).  The FCC did exactly that here: it excluded state government calls in the conduct of official state business from TCPA coverage.  *See In re: Broadnet Teleservices,* 35 FCC Rcd. 15052, ¶¶13, 22-28 (2020).  The FCC's guidance thus does not conflict with the statute.  It instead aligns with, and expressly follows, both direct congressional permission and the Supreme Court's enduring statutory interpretation of "person."  *See id.* at ¶2 & n.5, ¶9 & n.26, ¶22 & n.53 (repeatedly quoting and following *Vermont Agency of Natural Resources*).

The FCC's guidance also is embodied in its orders.  *See, e.g., id.* (document titled "Order on Reconsideration").  Given the statute expressly allows for this, Mr. Perrong's discussion about the differences between legislative and interpretive agency guidance makes no difference here.  Congress expressly allowed the FCC to exempt non-commercial calls like those here without formal rule issuance.

If Congress wanted to stop state legislators like Rep. Bradford from trying to help their constituents by informing them about government resources, then it could have written the statute to forbid those calls.  But it did not.  Congress opted to write the statute to dovetail with the Supreme Court's interpretation rule that state actors fall outside the statutory concept of a "person."  Congress also expressly authorized the FCC to exclude non-commercial calls like those here from TCPA coverage.  And the agency has done exactly that.

Research has uncovered no judicial decision rejecting the FCC's guidance and holding a state legislator subject to TCPA liability in these circumstances.  Creating contrary new precedent risks unexpected TCPA liability for taxpayer-funded state governments across the country.  The Court should decline Mr. Perrong's invitation to take such a legally unsupported step.

### C. There is a clear, judicially-manageable legal standard here: the Rule 56 standard for a motion for summary judgment.

Third, Mr. Perrong argues that Rep. Bradford should be denied summary judgment due to the lack of a judicially-manageable standard for decision. (Perrong Br. 10-20.)  This argument also fails.

To begin, the concept of a "judicially-manageable standard" derives from the context of the political question doctrine.  Under that constitutional rule, a court will decline to hear a lawsuit—at all—if there is no judicially discoverable and

manageable standard to resolve the case.  *See, e.g.*, *Baker v. Carr*, 369 U.S. 186, 217 (1962).  Mr. Perrong cites no case applying this rule of judicial restraint as a yardstick for summary judgment.  And, presumably, Mr. Perrong is not asking this Court to dismiss his lawsuit as presenting a nonjusticiable political question.

Regardless, there is a judicially-manageable standard here: Federal Rule of Civil Procedure 56.  It sets the familiar standard the Court is well-equipped to apply.  Under that rule, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  As the non-movant, Mr. Perrong cannot "merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.,* 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted).  Thus, Mr. Perrong, in his response, had to point to admissible record evidence showing a genuine dispute over a material fact.  He has not done so.

Rather than reckon with the applicable legal standard, Mr. Perrong tries to redirect the Court to standards from other contexts.  He first tries Speech or Debate or Legislative Immunity.  (Br. 12-14.)  But Legislative Immunity is not at issue here.  And research has uncovered no case applying principles arising in that distinctly constitutional context to a TCPA situation like the one here.

Mr. Perrong next asserts a jury has to decide this case because he says a clear standard for permitted calls was not disclosed during discovery. (Br. 15-20.) He is wrong. The evidence revealed a single, clear, and uniformly-applied standard: calls are strictly limited to those with a legitimate legislative purpose and public benefit. (Doc. 45-3, Caton Dep. 27:3-13, 18:13-14, 66:19-20, & 72:4-9; Doc. 45-4, Defendant's Responses to Plaintiff's First Set of Discovery, No. 3; Doc. 45-2, Bradford Dep. 10:6-11, 18:19-25.) This evidence does not conflict. Mr. Perrong may not like that aspects of the standard are not found in formally-adopted written documents. But he points to no case holding that, for an activity to qualify as official, it must be authorized by a formally-adopted and written rule.

Mr. Perrong relatedly invites the Court to consider the Rules of the House of Representatives. (Br. 16-18.) He first suggests that Rep. Bradford is asking the Court to consider the House Rules. (*Id.* 16.) Not so. Rep. Bradford mentioned those Rules only to clarify, contrary to Mr. Perrong's repeated suggestion during discovery, that the April 17, 2020 call was expressly permitted under House Rules and related measures in effect at the time. (Bradford Br. 9-10.)

No matter the discussion's origin, Mr. Perrong's brief invites this federal Court to consider probing the affairs of a state legislature and decide whether it complied with the internal rules it has adopted as a matter of self-governance. In this sense, Mr. Perrong <u>is</u> presenting the Court with a nonjusticiable political

question.  Settled precedent forbids federal courts from entangling themselves in such internal state matters.  *See, e.g.*, *Brown v. Hansen*, 973 F.2d 1118 (3d Cir. 1992) (refusing to consider whether a legislature complied with its own internal rules under the political question doctrine).  By asking this Court to do so anyway, Mr. Perrong ignores our constitutional system of dual sovereignty and the federal courts' restraint as for intrusions into the states' right to self-governance.

> **D.** **<u>Inadmissible evidence cannot create a material issue of fact.</u>**

Fourth, Mr. Perrong misrepresents the evidence and relies on inadmissible evidence.  (Perrong Br. 18-19.)  His gambit fails.

Mr. Perrong asserts Rep. Bradford "was unable to state" if the calls here were reviewed.  (*Id.* 18.)  This suggests the opposite of his actual testimony: "generally speaking, my district office that handles these events [and] works with our folks in Harrisburg to review these calls."  (Bradford Dep. 13:13-16.)

Mr. Perrong then claims Rep. Bradford and Mr. Caton expressed "differing views" about the calls here.  (Br. 18.)  But any "difference" in the testimony was caused solely by Mr. Perrong's distortions.  During both witnesses' dispositions, Mr. Perrong did not put the actual text of the calls before the witnesses.  Instead, he asked them inconsistent hypotheticals that mischaracterized the calls.  (*Compare* Doc. 45-1, Call Transcripts; Caton Dep. 38-43; *and* Bradford Dep. 9-12.)  For

example, when he deposed Mr. Caton, Mr. Perrong omitted from his description of the January 31, 2020 call that it was for the Census—a distinctly governmental undertaking. (Caton Dep. 39:18-24.) Mr. Perrong also mischaracterized the April 17, 2020 call as encouraging people to "go get your COVID vaccine," but that call said nothing about a vaccine (nor could it; there was no vaccine at the time).[1] (*Compare* Call Transcripts; Caton Dep. 40:22-24; *and* Bradford Dep. 10:18-19.) Counsel for Rep. Bradford repeatedly objected to all of Mr. Perrong's improper questioning, given its myriad and obvious evidentiary problems. (Bradford Dep. 9:23-10:4; Caton Dep. 38:19-43:16.) Despite Mr. Perrong's misrepresentations, Rep. Bradford still managed to testify that each of the five calls had a legitimate legislative purpose and public benefit. (Bradford Dep. 10:18-12:15.) And Mr. Caton similarly testified that the three calls Mr. Perrong least misrepresented met that test. (Caton Dep. 38:3-39:16, 40:7-20, 43:8-20.)

Mr. Perrong cannot rely on his self-created inadmissible testimony to create a material issue of fact. *See Neebe v. Ravin Crossbows, LLC*, 532 F. Supp. 3d 253, 256 (E.D. Pa. 2021) (Wolson, J.) ("A plaintiff may not rely on evidence to overcome summary judgment that would not be admissible at trial."); *Kaszuba v.*

---

[1] Mr. Perrong recently acquired the privilege to practice law, and thus no longer has the benefit of the doubt provided to *pro se* parties. *See, e.g.*, *Borden v. Green*, 2024 WL 69815, *2 (E.D. Pa. 2024) (Wolson, J.) (noting *pro se* presumption).

*Borough of Dickson City*, 779 Fed. Appx. 980, 984 (3d Cir. 2019) (affirming district court's entry of summary judgment where plaintiff relied on witnesses' expressions of opinions and belief, as "speculation or conjecture" cannot be used to "create a material factual dispute sufficient to defeat summary judgment").

The same is true of Mr. Perrong's personal opinions—unsupported by, and contrary to, the evidence—that a jury could see the evidence differently than it states on its face. Personal opinions about the evidence cannot defeat summary judgment. *See Shahin v. Delaware*, 563 Fed. Appx. 196, 200 (3d Cir. 2014) ("Personal opinion alone will not suffice to defeat a motion for summary judgment."). This includes Mr. Perrong's belief that the calls here had political or commercial "undertones." (Perrong Br. 15.) No evidence supports this contention. And the record evidence is diametrically the opposite; Rep. Bradford testified he had no ulterior motives for the calls. (Bradford Dep. 14:4-15:3.)

Mr. Perrong may think a jury should decide this case. But to reach a jury, our procedures required him to point to admissible evidence showing there is a material dispute of fact that a jury needs to decide. He failed to do so. And thus he has no right to present this case to a jury.

### E.  Rep. Bradford's immunity defenses cannot be narrowed.

Fifth and finally, Mr. Perrong asserts Rep. Bradford is not entitled to judgment on his immunity defenses.  (Perrong Br. 20-21.)  This also fails.

Mr. Perrong at first tries to avoid discussing Rep. Bradford's entitlement to sovereign immunity by confining discussion of that topic to the first paragraph on page 20 of his brief.  And there Mr. Perrong merely describes sovereign immunity legal principles and states that his surviving claim is an individual-capacity claim.  But nowhere in that paragraph (or anywhere else) does Mr. Perrong point to any admissible evidence showing that Rep. Bradford acted in his individual capacity as for any of the five calls in dispute here.

After breezing past sovereign immunity, Mr. Perrong quickly pivots to qualified immunity.  But he errs there, too.  Mr. Perrong asserts that, for qualified immunity purposes, the "right" here is the general statutory right under the TCPA to not receive calls.  (Br. 21.)  But that broad, general statement cannot be squared with qualified immunity principles.

To avoid qualified immunity, a plaintiff must point to a "clearly established" right that was so apparent that "every reasonable official would understand that what he is doing is unlawful." *HIRA Educ. Servs. N. Am. v. Augustine*, 991 F.3d 180, 190 (3d Cir. 2021) (*quoting District of Columbia v. Wesby*, 583 U.S. 48, 63

(2018)).  The right must be defined with a "high degree of specificity."  *Id.* at 190-91 (cleaned up; *quoting Wesby*, 583 U.S. at 63).  A legal principle established in a precedential case must "clearly prohibit the official's conduct in the particular circumstances before him."  *Id.* at 191 (cleaned up; *quoting Wesby*, 583 U.S. at 63).  The Supreme Court has "repeatedly stressed that courts must not 'define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced.'"  *Wesby*, 583 U.S. at 63-64 (citation omitted).

Mr. Perrong cannot meet these principles undergirding the "clearly established" standard.  At the time of the five calls here, it was not "clearly established" that the TCPA precluded a state legislator from placing public service announcement calls seeking to connect the legislator's constituents with available government resources.  In fact, the opposite was true: it was "clearly established" that those calls do <u>not</u> violate the TCPA.

And while Mr. Perrong tries to rely on *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), for support, it offers him none.  The Court held there only that a government contractor does not share in the government's immunity from TCPA liability.  *Id.* at 166-69.  Here, of course, Rep. Bradford was a Commonwealth actor, and could never be deemed a government contractor.

## III. <u>CONCLUSION</u>

For these reasons, and those stated before, Representative Matthew Bradford requests entry of summary judgment in his favor and against plaintiff on all remaining claims.

Respectfully submitted,

/s/ Karl S. Myers
Karl S. Myers (Pa. No. 90307)
STEVENS & LEE
1500 Market Street
East Tower, 18th Floor
Philadelphia, PA 19102
(215) 751-2864
karl.myers@stevenslee.com

Tara L. Hazelwood (Pa. No. 200659)
Matthew S. Salkowski (Pa. No. 320439)
Pennsylvania House of Representatives
620 Main Capital Building
Harrisburg, PA 17120
(717) 787-3002
thazelwood@pahouse.net
msalkowski@pahouse.net

*Counsel for Representative Matthew Bradford*

Dated: January 22, 2024