IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG, | |
| Plaintiff, | Case No. 2:23-cv-00510-JDW |
| vs. | |
| MATTHEW BRADFORD | |
| Defendant. | |

**Plaintiff's Sur-Reply in Opposition To Defendant's Motion for Summary Judgment**

1

## I. INTRODUCTION

Plaintiff is mindful of this Court's guidance regarding sur-reply briefs. However, the Plaintiff wishes to address a singular new argument raised by the Defendant raised in its brief, namely, that this Court should follow the *Broadnet Order* because it was promulgated pursuant to the FCC's exemption for "calls that are not made for a commercial purpose." 47 U.S.C. §227(b)(2)(B)(i). However, because that exemption applies to an *entirely different section of the TCPA which the Plaintiff does not even sue under*, the analysis proffered by the Defendant must be rejected, as this District Court and others have universally done. If anything, the Defendant's argument further demonstrates that Rep. Bradford is not entitled to any form of immunity and may be sued in his individual capacity for the calls at issue here.

## II. ARGUMENT

A. *The "noncommercial purpose" exemption to the TCPA does not apply in this case because it applies only to subsection (b)(1)(B) of the TCPA, but the Plaintiff sues under subsection (b)(1)(A).*

In its reply brief in support of its Motion for Summary Judgment (ECF No. 52), which exceeds this Court's ten-page limitation on the same, Defendant raises an entirely new argument not found in its original motion: that the TCPA contains an exemption for "noncommercial purposes" that justifies application of the *Broadnet Order*. Not so.

In *Perrong v. Victory Phones LLC*, the defendant attempted to invoke the exception found in 47 U.S.C. §227(b)(2)(B)(i) to the calls, which, like here, were prerecorded political robocalls sent in violation of 47 U.S.C. §227(b)(1)(A)(iii). No. CV 20-5317, 2021 WL 3007258, at *6 (E.D. Pa. July 15, 2021). In that case, Judge Patter held, citing numerous other district and circuit courts, that the "exemption" language found in 47 U.S.C. §227(b)(2)(B) unequivocally *does not apply* to cases alleging violations of 47 U.S.C. §227(b)(1)(A), as confirmed by the

2

language of the exemption itself, which permits the Commission to "exempt from the requirements of *paragraph (1)(B) of this subsection*." *Id.* at *7; 47 U.S.C. §227(b)(2)(B).

No part of the language in 47 U.S.C. §227(b)(2)(B) justifies any of the purported applications to paragraph (b)(1)(A) Defendant now seeks. This Court need not look to the *Broadnet Order* and can simply apply the commonly understood, ordinary dictionary definition of a "person" under the TCPA to permit suit in Bradford's individual capacity. It is self-evident that the Defendant is seeking an exemption on immunity grounds for an alleged violation of paragraph (1)(A) of subsection (b) of the TCPA. But the law does not provide for such an exemption. The only exemptions permitted by Paragraph (1)(A) of subsection (b) of the TCPA are calls made for emergency purposes and calls made with prior express written consent.

Indeed, Congress in fact *did* write the statute to forbid state legislators like Rep. Bradford from making nonemergency, nonconsensual prerecorded robocalls to the protected lines enumerated in 47 U.S.C. §227(b)(1)(A)(iii) and provided two exemptions: emergency purposes and consent. It defined, expressly and in the statutory language, that the term "person" includes an "individual", which may include a government employee acting in the scope of his employment, who can nevertheless be sued in their individual capacity. Persons are routinely subject to other provisions of the Communications Act, such as the Act's licensing requirements. 47 U.S.C. § 153(39). Individuals employed by state governments, for example, are still bound to obtain FCC radio licenses and follow FCC guidance with respect to frequency allocation. At issue here, they are also subject to the FCC's restrictions on the use of telephone equipment.

The Defendant has not proven that the calls were made for emergency purposes, nor has he proved that the calls were made with prior express written consent. Whatever exemptions Congress may have provided for and permitted agency rulemaking on in terms of

3

noncommercial robocalls to *residential copper landlines* for noncommercial calls, it did not extend any such exemptions to robocalls made to protected telephone lines. In the absence of such exemptions, the *Broadnet Order* does not apply and the Defendant can be sued in his individual capacity as a natural person for making the calls at issue.

The Defendant's argument, therefore, must fail. The foregoing analysis proves definitively that the *Broadnet Order* does not and cannot apply in this case, above and beyond the infirmities already identified in the Plaintiff's brief. Because Rep. Bradford has not met his burden at summary judgment of proving definitively that he is entitled to any form of immunity or cannot be sued in his individual capacity, this case must proceed to a jury for determination. Furthermore, as articulated in Plaintiff's brief, there exist myriad disputed facts surrounding the nature of the calls, their purpose, and the applicability of any immunity defense, such as to make the entry of summary judgment further improper and unjustified.

### III.  CONCLUSION

This Court must DENY Defendant's motion for summary judgment because Congress did not exempt state legislators from the TCPA's prohibition against making prerecorded robocalls without consent to protected telephone lines. Congress did not. This fact alone makes application of the FCC's *Broadnet Order* unjustified.

Dated: **January 28, 2024**

_____/s/_____
Andrew R. Perrong, Esq.
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

## CERTIFICATE OF SERVICE

Plaintiff certifies that on January 28, 2024, he filed the foregoing on the Court's CM/ECF system, which will send electronic notification to all counsel of record.

Dated: **January 28, 2024**

_____/s/_____
Andrew R. Perrong, Esq.
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com